Argued and submitted February 14, reversed and remanded for reconsideration in part; otherwise affirmed March 11, 1992

## Patricia BRANDT,
### Gertrude Brandt, Lori Craven, Esther Erikson, Wayne Feller, Mary Feller, Guy Sampson, Minetta Sampson, Henry Watson and Jeanne Watson,
*Petitioners,*

*v.*

## MARION COUNTY
### and Blazer Industries, Inc.,
*Respondents.*

## (LUBA 91-101; CA A73064)

826 P2d 1051

M. Chapin Milbank, Salem, argued the cause and filed the brief for petitioners.

Robert C. Cannon, Marion County Legal Counsel, Salem, argued the cause for respondent Marion County. Kenneth Sherman, Jr., Salem, argued the cause for respondent Blazer Industries, Inc. With them on the brief were Jane Ellen Stonecipher, Marion County Assistant Legal Counsel, and James L. Murch, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of LUBA's remand of respondent Marion County's approval of respondent Blazer Industries' (Blazer) application for a comprehensive plan map amendment and related zoning and permit decisions. By the decisions, an 8.7 acre parcel in an exclusive farm use zone was redesignated as industrial and Blazer was permitted to conduct a manufacturing operation on the site. Petitioners are opponents of the application, and they argue that LUBA's remand should have included certain issues in addition to those that it covered. We reverse and remand.

■ In their first assignment, petitioners challenge LUBA's denial of their assignment of error that the county erred by finding that the application's compliance with Goal 3 "had been satisfactorily met by the evidence in the record." The sole basis for petitioners' argument is that there was no substantial evidence to support the county's "conclusory" finding:

> "This expansion will occur on land that, even though it is zoned EFU, is not now nor likely to be used for agricultural production."

LUBA did not reach the merits of the assignment. Instead, it concluded that, for a particular finding to be the basis for reversing or remanding a land use decision, it must be "essential to the challenged decision," and the petitioners must "explain why that finding is essential to demonstrating compliance with an applicable approval standard." LUBA concluded that petitioners had offered no such explanation here.

Without commenting on the *general* correctness of the principle of review articulated by LUBA, we conclude that it was error to apply it here. The materiality of the finding to the decisions was self-announcing. The preservation of agricultural land for agricultural use is the *sine qua non* of Goal 3. A finding concerning the present or likely future agricultural use of EFU land that is the subject of a proposal for non-agricultural zoning can have a central bearing on the determination of whether the proposal complies with the goal. In the context of the county's other findings, the finding was, on its face and without any need for explanation, "essential to

the decision." We remand for LUBA to address the merits of the assignment.

■ Petitioners also contend that LUBA erred in concluding that the county governing body's "disagreement" with the hearings officer, whose decision it reversed after reaching findings that differed from hers, "was not, in itself, a basis for reversal or remand" of the decisions. Petitioners' premise is clearly wrong. Under the county's procedures, the governing body's review is *de novo*, and its word is the last one.

Petitioners' remaining assignment does not warrant discussion.

Reversed and remanded for reconsideration of second assignment of error to LUBA; otherwise affirmed.